Argued and submitted June 27, 2008, reversed and remanded February 18, both petitions for review allowed June 17, 2009 (346 Or 361)

KENNETH FREDERICK JANOWSKI,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A130409

202 P3d 920

Ryan T. O'Connor, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Huckleberry, Senior Judge.

PER CURIAM

## PER CURIAM

Petitioner, who received a life sentence for two aggravated murders committed in 1985, challenges an order of the Board of Parole and Post-Prison Supervision in which the board found that petitioner had satisfied his burden under ORS 163.105 (1985)[1] of showing that he was "likely to be rehabilitated within a reasonable period of time" and converted petitioner's sentence to life in prison with the possibility of parole or work release. However, because the board concluded that it lacked the authority to release petitioner until he had completed serving the 30-year minimum sentence imposed by the sentencing court under ORS 163.105 (1985), it set a projected parole release date of May 2015. On review, petitioner initially argues that "[t]he board erred when it found that it lacked the authority to override the 30-year judicial minimum sentence." Petitioner's assignment of error is controlled by our reasoning and the legislative history discussed in *Fleming v. Board of Parole*, 225 Or App 578, 202 P3d 209 (2009), and, for the reasons set forth in *Fleming*, we reverse and remand this case so that the board may reevaluate which, if any, of its authorizing statutes may properly be applied to petitioner's circumstances, in light of our interpretation of ORS 163.105 (1985).

Petitioner also argues that, after he became eligible for parole under ORS 163.105 (1985), the board's rules required it to set a parole release date within petitioner's matrix range of 120 to 168 months. Because petitioner has served more than 168 months, he contends that he is entitled to immediate release on parole. We conclude that that issue must be addressed on remand once the board determines which, if any, of its authorizing statutes are applicable to petitioner's circumstances.

Reversed and remanded.

---

[1] In 1984, Oregon voters amended ORS 163.105 (1983) through Ballot Measure 7, which became effective on December 6, 1984. Or Laws 1985, ch 3.